**COPELAND et al. v. WAHRENBERGER et al.**

No. 3049.

Court of Civil Appeals of Texas. Beaumont.

March 6, 1937.

Rehearing Denied March 10, 1937.

Jo. E. Shaw, Geo. P. Red, and Boyles & Atkinson, all of Houston, for plaintiff in error.

J. C. Hardy, Jr., of Houston, and Foster & Williams, of Conroe, for defendants in error.

O'QUINN, Justice.

We shall refer to plaintiffs in error as appellants, and to defendants in error as appellees. Appellees, Mrs. Smitha K. Wahrenberger, a feme sole, J. C. Wahrenberger, and Mrs. Mary Agnes Harritt joined pro forma by her husband Charles Harritt, brought this suit as the duly qualified and acting independent executors of the estate of J. Wahrenberger, deceased, and as individuals, against appellant William Cherry and others, in trespass to try title to certain land situated in Montgomery county, Tex. They prayed for an injunction against the defendants to restrain them from cutting or destroying timber on the land which was granted.

Appellant William Cherry, his wife, Mrs. William Cherry, and Henry Cherry and his wife, Mrs. Henry Cherry, defendants below, answered by general demurrer, plea of not guilty, and specially title to the land in question by virtue of the statutes of three, five, and ten years' limitation; and in the alternative title to an undivided 160 acres of land by virtue of the ten years' statute of limitation, same to include their alleged improvements. The other defendants did not answer.

The case was tried to a jury. At the close of the evidence both parties filed motion for an instructed verdict. The motion of the defendants was refused, and that of plaintiffs granted, and verdict was accordingly returned and judgment for plaintiffs (appellees) rendered. From that judgment William Cherry brings this appeal.

Appellant's first assignment is:

"Assignment 1. (Predicated on 1st. ground of first amended motion for a new trial).

"The court erred in overruling the general demurrer to plaintiffs' petition filed by these defendants."

Article 1844, R.S.1925, as amended by Acts 1931, c. 75, § 1 (Vernon's Ann. Civ.St. art. 1844), requires that the party appealing from an adverse judgment must bring up in his brief the errors assigned for reversal. The above assignment says it is based upon the first ground of appellants' first amended motion for a new trial. The motion for a new trial is not embodied in the brief, nor is there any portion of same. We are not advised of what the first ground of said motion complained. However, it relating to the overruling of a general demurrer to the sufficiency of the petition, justifies us in searching the record for fundamental error. We have carefully considered the petition complained against and hold same good against the general demurrer. The assignment is overruled.

The second assignment reads: "Assignment II. (Predicated on 14th ground of first amended motion for a new trial.)" Then follows nearly a page of matters of fact and the conclusion of the briefer as to the effect of same. There is no part of the amended motion for a new trial incorporated in the brief, so that the portion of same made the basis of the assignment does not appear. This assignment fails to comply with the statute and rules for briefing. It does not specifically point to any error, and so is insufficient. In order to determine whether the matters touched in the assignment were brought before the court and jury by the evidence referred to, we would have to search the statement of facts which we are not permitted to do.

The third assignment is: "Assignment III. (Predicated on 5th. ground of first amended motion for a new trial.)

"The court erred in overruling the defendants' motion for instructed verdict for said defendants presented to the court at the close of plaintiffs' main case and renewed at the close of all the testimony in said cause and after both parties had rested."

This assignment is based upon a portion of the motion for a new trial which is not brought forward in the brief. We have no way of ascertaining what was the fifth ground for a new trial presented to the court, without going to the transcript which we are not required to do. The assignment fails to comply with article 1844, R.S.1925, and the rules for briefing in that it points to no specific error. While the assignments in a motion for a new trial may constitute the assignments upon appeal, in order for them to do so they must be brought forward in the brief; a mere reference to them by number and the statement that they are the errors assigned in the motion for new trial is not sufficient. Such assignments as the above presents nothing for review.

 The fourth assignment reads:

"Assignment IV. (Predicated on 6th. ground of first amended motion for a new trial.)

"The court erred in granting plaintiffs' motion for an instructed verdict presented to the court after both parties had rested."

This assignment is in the same attitude as those discussed above. The brief does not contain any portion of the amended motion for a new trial. There is nothing to disclose to us what was embraced in the sixth ground of the motion for a new trial. Assignments presented in a motion for a new trial may constitute the assignments of error upon appeal, but in order for them to do so they must be brought forward in the brief. This is required by article 1844, R.S.1925. Moreover, if the assignments of error set out in the motion for a new trial are relied upon as assignments of error on appeal they must be substantially reproduced in the brief, or they may not be considered.

The fifth assignment is: "Assignment V. The court erred in overruling the first amended motion for a new trial." Under all the decisions this assignment is too general. It points to no error.

Aside from what we have said above, we have carefully examined the whole record, and think the instructed verdict was correct. The suit is one in the ordinary form of trespass to try title to land. The court had jurisdiction of the parties and the subject-matter. The judgment is one that the court could render. The main defense urged by the defendants below and the appellant here is that they had title to the land sued for or a portion of same by virtue of the ten years' statute of limitation. A careful inspection of the statement of facts fails to show that either appellant or appellant and those under whom he attempts to claim had ten consecutive years of adverse possession and use of the property involved, claiming same against all persons, such as the law requires to ripen a limitation claim into title. Such possession and claim not appearing, and appellees being the record owners of the land, the court did not err in directing the verdict and entering judgment for the appellees.

The judgment is affirmed.